UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO: 4:22CV57 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| $582,932.89 in Funds Seized on October 7, 2021, et al., | ) | |
| | ) | (Resolves Doc. 25) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the Government's motion to dismiss this matter without prejudice. Doc. 25. Defendants have opposed the motion to the extent that they request dismissal with prejudice. Upon review, the motion is GRANTED, and this matter is hereby dismissed without prejudice.

Fed.R. Civ.P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendant[], from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). Whether dismissal should be granted under this rule is within the sound discretion of this Court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In analyzing a motion to dismiss under this rule, the Court must determine whether the defendant would suffer plain legal prejudice from a dismissal without prejudice. In reviewing whether Defendants will suffer "plain legal prejudice," this Court must

consider factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* at 718. "The *Grover* factors are not an exclusive or mandatory list. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). '[C]ourts need not analyze each factor or limit their consideration to these factors.' *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). The factors are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Id.*

This matter has been stayed since nearly its inception while the Government determined whether it would pursue criminal charges. As such, there has been no expense in preparing for trial or engaging in discovery. Moreover, as the funds at issue will be returned with interest, the Court can identify no discernible prejudice that would flow from dismissal. While Defendants urge that dismissal with prejudice is appropriate because the Government would be time-barred from reasserting any of the pending claims, the Court need not resolve such an issue. If Defendants are correct, they will have a defense to any refiled action. However, it would not be appropriate for the Court to provide an advisory opinion on the validity of such a defense at this time.

Accordingly, the Government's motion (Doc.25) is GRANTED. This matter is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

September 24, 2024            ____/s/ Judge John R. Adams_____
Date                                      JUDGE JOHN R. ADAMS
                                            UNITED STATES DISTRICT COURT